UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DIANA TAEKKER,
    Plaintiff,

    v.

JOHN E. POTTER, Postmaster General,
United States Postal Service,

    Defendant.

Civil No. 08-83-HA

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

**FINDINGS OF FACT**

1.     The United States Postal Service (defendant USPS) is an independent establishment of the Executive Branch of the Government of the United States.

2.     This court has subject matter jurisdiction over the litigation brought by plaintiff Diana Taekker against defendants USPS and Postmaster John E. Potter.

3.     The USPS employed more than 500 employees at all relevant times, and is considered an "employer" within th emeaning of 42 U.S.C. § 2000e, *et seq.*

4.     Plaintiff exhausted all administrative procedural requirements.

5.     Plaintiff is an adult female employed by defendant USPS and works as a mail handler at the Main Postal Facility in Portland, Oregon.

6.     From August of 2006 to the present, plaintiff has held the position of Advance Facer Canceller System (AFCS) relief operator. A typical shift has included approximately four hours of operating the AFCS machines when the regular operators took lunch or rest breaks, and "flip-flop" work for the remainder of her shift, usually sorting letters rejected by the AFCS machines.

1 -- ORDER

7. Plaintiff received grade five level pay while working on the AFCS machine and grade four level pay for her other work. Grade five level pay is higher per hour than grade four level pay.

8. Plaintiff bid into the AFCS operator position because she preferred the increased pay level and the decreased physical demands.

9. The AFCS machines are aligned in a row, approximately sixteen feet apart, at the Main Postal Facility. In 2006 there were eight machines, and currently there are seven machines operating.

10. Plaintiff's co-worker, George Thomas, has been employed by defendant USPS since 1994. Thomas operates AFCS Machine No. 6.

11. In September 2006, Thomas began calling plaintiff "sweetie," and patted or hugged her when she relieved him. Plaintiff was made uncomfortable by this, but she did not complain to Thomas, notify USPS supervisors, or view this touching as sexual harassment.

12. Thomas's conduct escalated in January 2007, when he began giving plaintiff frontal sideways hugs in which he would draw his arm and hand across her breasts.

13. On February 5, 2007, plaintiff relieved Thomas for his lunch break. When he returned, Thomas came up behind plaintiff, put his hands on her hips, pressed his waist against her, and said "Oh baby." Plaintiff left the work room crying. The next day, plaintiff went to see her doctor for a mental health referral.

14. Plaintiff reported Thomas's conduct to USPS supervisors. Defendant conducted an investigation from February 25, 2007 through March 1, 2007. The investigation concluded that the commission of sexual harassment could not be determined. Thomas was not disciplined but was instructed not to touch other employees.

15. After plaintiff's complaints, defendant USPS separated plaintiff and Thomas, and did not allow plaintiff to work as an AFCS relief operator when Thomas was working. Plaintiff was permitted to work as an AFCS relief operator when Thomas was not at work, primarily Saturdays.

16. After the investigation, defendant USPS elected to permanently preclude plaintiff from working relief on the AFCS machines any time that Thomas was working.

17. Plaintiff has been precluded from working any AFCS machine when Thomas is present. Thomas, however, has not been restricted and moves about freely, sometime eating lunch or sitting within several feet of plaintiff.

18.  Plaintiff filed a lawsuit against defendant USPS and the Postmaster, alleging sexual harassment based on a hostile work environment, and claiming that defendant USPS retaliated against her by refusing to allow her to work as an AFCS relief operator when Thomas was working.

19.  A jury trial was conducted before this court on April 19-22, 2010. A jury returned a verdict in plaintiff's favor on both claims.

20.  The jury made no special findings of fact, beyond concluding that defendant USPS subjected plaintiff to a sexually hostile work environment and that Thomas sexually harassed plaintiff. By this Order, the court adopts the jury's verdict within these findings of fact.

**CONCLUSIONS OF LAW**

1.  Plaintiff engaged in an activity protected under federal law when she complained of sexual harassment in the workplace.

2.  Plaintiff was subjected to an adverse employment action in the form of being precluded from performing her preferred bid job and being required to perform less desirable work at less pay.

3.  This adverse employment action was a direct consequence of plaintiff engaging in the protected activity of complaining about sexual harassment.

4.  Plaintiff has been subjected to retaliation by defendant USPS, which is an unlawful employment practice and in violation of Title VII, 42 U.S.C. § 2000e *et seq.*

5.  Plaintiff has shown that she has suffered an irreparable injury.

6.  Remedies available under the law, such as monetary damages, are inadequate to compensate for this injury.

7.  This court has balanced the hardships as between plaintiff and defendant USPS, and has determined that a remedy in equity is warranted.

3 -- ORDER

8. The public interest would be well served by a narrowly tailored permanent injunction in this action.

9. Plaintiff is entitled to the following narrowly tailored injunctive relief:

   Defendant is enjoined from further denying plaintiff an opportunity to work as a relief operator on the AFCS machines. Plaintiff shall be permitted to work as a relief operator on the AFCS machines consistent with the availability of work and her seniority. Her seniority shall be calculated as if there had been no interruption of her service and employment since January 2007. Plaintiff shall be excused from performing relief work for Thomas, or relief work on any machine that is adjacent to a machine that Thomas is operating. Thomas is ordered to be assigned to the AFCS machine located at the end of the row of AFCS machines (Machine No. 7 or 8) and to travel to and from that machine through the entry closest to that machine. Plaintiff and Thomas shall be instructed to remain separated from each other at all times in the workplace, and to immediately report any violations of these instructions to USPS management.

10. This court retains jurisdiction over the matter to enforce the terms of this Order.

11. Plaintiff is entitled to recover reasonable attorney fees, expert witness fees, and costs and disbursements incurred. This recovery shall be addressed and resolved by separate Order.

IT IS SO ORDERED.

DATED this   4   day of June, 2010.

                                             /s/ ANCER L. HAGGERTY  
                                               ANCER L. HAGGERTY  
                                            United States District Judge