FILED'10 JUN 14 11:25 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DIANA TAEKKER,
    Plaintiff,

v.

JOHN E. POTTER, Postmaster General,
United States Postal Service,

    Defendant.

Civil No. 08-83-HA

ORDER

HAGGERTY, District Judge:

This Order addresses the motions from plaintiff seeking attorney fees [103] and seeking costs [106].

**BILL OF COSTS**

Plaintiff submitted a Bill of Costs totaling $1,755.45. Defendant has no objections. Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs to the prevailing party. The rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). Expenses that may be taxed as costs are enumerated in 28 U.S.C. § 1920 as follows:

1 -- ORDER

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under Section 1923 of this title; and

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although a district court has broad discretionary power to allow a prevailing party to recoup the costs of litigation, the court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

This court has independently examined the supporting documentation explaining the claimed costs. The court is satisfied that these amounts were reasonably and necessarily incurred by plaintiff during the course of this litigation. Therefore, the court grants plaintiff's Bill of Costs [106] in the amount of $1,755.45.

**ATTORNEY FEES**

Plaintiff seeks an award that includes an expert witness fee of $600 for Linda Heins, plus out-of-pocket expenses totaling $3,926.45, plus attorney fees totaling $140,560. Defendant has no objection to the expert witness fee or to the claimed out-of-pocket expenses. These amounts have been reviewed by the court and are granted.

Defendant also does not object to the total number of hours claimed by plaintiff's counsel (401.6 hours). Defendant does object to the hourly rate of $350 sought by plaintiff's counsel.

There is no dispute that plaintiff's counsel is entitled to an award of fees. Title VII provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission of the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

There is also no dispute that a reasonable attorney fee in a civil rights action is determined by calculating the number of hours expended by a reasonable hourly rate (the lodestar method). *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006) (citation omitted). Further, there is no dispute that reasonable attorney fees should be calculated based on the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

The court has examined the hours claimed. The court finds no grounds for excluding any of those hours as "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (the court should exclude from the initial fee calculation hours that were not reasonably expended) (internal quotation omitted).

Defendant's objections challenge whether the hourly rate that has been requested is reasonable. Plaintiff's counsel seeks an hourly rate of $350, citing a recent fee award he received in Portland, and referring to his experience, the difficulty of the case, the favorable results obtained, the risks inherent in accepting contingency cases, and the need to encourage attorneys to advocate on behalf of employees being subjected to unlawful employment practices. Counsel also submits supporting affidavits from Portland attorneys who practice civil rights litigation.

3 -- ORDER

The court has considered the factors presented by plaintiff's counsel, and has examined the supporting documentation he has presented. The court has also independently considered recent State Bar surveys and data, and has independently evaluated the complexity of the case, the scope of the results obtained, the degree of experience demonstrated, and the risks counsel faced in taking on the case. After a full and careful consideration of these factors, the court concludes that counsel is entitled to an hourly rate of $300 for his representation in this litigation. This entitles counsel to a fee award of $120,480.00

**CONCLUSION**

Plaintiff's Motion for Attorney Fees [103] is granted in part as follows: plaintiff is awarded an expert witness fee of $600 for Linda Heins, plus out-of-pocket expenses totaling $3,926.45, plus attorney fees totaling $120,480.00.

Plaintiff's Bill of Costs [106] is granted in the amount of $1,755.45.

IT IS SO ORDERED.

DATED this 14 day of June, 2010.

ANCER L. HAGGERTY
United States District Judge